**FILED**

Sep 18 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COVER SHEET

**_Instructions_**_: Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case._

**CASE NAME:**
**USA V. BEN RICHARD THOMAS III**

**CASE NUMBER:** CR24-00511 MMC

| | | |
|---|---|---|
| **This Case Under Seal?** | Yes | No ✔ |
| **Total Number of Defendants:** | 1 ✔   2-7 | 8 or more |
| **Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** | Yes | No ✔ |
| **Venue (Per Crim. L.R. 18-1):** | SF ✔   OAK | SJ |
| **Is this a potential high-cost case?** | Yes ✔ | No |
| **Is any defendant charged with a death-penalty-eligible crime?** | Yes | No ✔ |
| **Is this a RICO Act gang case?** | Yes | No ✔ |

**Assigned AUSA (Lead Attorney):** Christiaan Highsmith

**Date Submitted:** 09/18/2024

**Comments:**

RESET FORM     SAVE PDF

# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

CR24-00511 MMC

UNITED STATES OF AMERICA,

V.

BEN RICHARD THOMAS III

**FILED**

Sep 18 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1343 – Wire Fraud;
18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture Allegation

A true bill.

/s/ Foreperson of the Grand Jury

Foreman

Filed in open court this _18th_ day of

_September, 2024_ .

S. Ybarra

Clerk

Bail, $ _Summons_

HONORABLE ALEX G. TSE, U.S. MAGISTRATE JUDGE

1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2

```
+-------------------------------------+
|            FILED                    |
|                                     |
|         Sep 18 2024                 |
|                                     |
|        Mark B. Busby                |
|   CLERK, U.S. DISTRICT COURT        |
| NORTHERN DISTRICT OF CALIFORNIA     |
|        SAN FRANCISCO                 |
+-------------------------------------+
```

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  UNITED STATES OF AMERICA,            )   CASE NO. CR24-00511 MMC
                                         )
12          Plaintiff,                   )   <u>VIOLATIONS:</u>
                                         )   18 U.S.C. § 1343 – Wire Fraud;
13      v.                               )   18 U.S.C. § 1957 – Engaging in Monetary
                                         )   Transactions in Property Derived from Specified
14  BEN RICHARD THOMAS III,              )   Unlawful Activity;
                                         )   18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) –
15          Defendant.                   )   Forfeiture Allegation
                                         )
16  _____ )   **<u>SAN FRANCISCO VENUE</u>**

17

18                        I N D I C T M E N T

19  The Grand Jury charges:

20                    <u>Introductory Allegations</u>

21          At all times relevant to this Indictment:

22          1.      The defendant, BEN RICHARD THOMAS III ("THOMAS"), resided in Braselton,

23  Georgia, and was employed by Williams Sonoma, Inc. ("WSI").

24          2.      WSI was incorporated in 1973 and describes itself as an "omni-channel specialty retailer

25  of high-quality products for the home."  WSI is headquartered in San Francisco, California, and sells

26  products under several brands, including Williams-Sonoma, Pottery Barn, West Elm, Rejuvenation, and

27  Mark and Graham.  WSI sells merchandise to consumers via websites, direct-mail catalogs, and operates

28  more than 500 retail stores and in the United States, Puerto Rico, Canada, Australia, and the United

INDICTMENT

Kingdom.

3.      WSI has a Code of Business Conduct and Ethics that applies to its employees stating that "employees must not engage in any transaction when an employee may face a real or perceived conflict of interest with the company."  WSI distributes its Code of Business Conduct and Ethics to all employees on an annual basis and makes the Code available to all employees via its internal document database.  Accordingly, THOMAS was prohibited from conducting any business activities outside of his employment with WSI that created a real or perceived conflict of interest with WSI.

4.      In 2016, THOMAS began working at WSI as the General Operations Manager for WSI's Braselton, Georgia, warehouse and distribution facility (the "WSI Braselton Facility"), which serves the Southwestern United States.  To support the WSI Braselton Facility, WSI hired both permanent employees and temporary staff through approved WSI vendors.  WSI requires key card access badges for all employees (including temporary employees provided by WSI vendors) to access the Braselton facility.  These key card access badges record the dates and times each individual employee accesses the facility.  WSI policy requires that any employee accessing the Braselton facility use his/her individual access badge to enter and exit. Additionally, CCTV cameras record activity at the facility, including at employee access points.

5.      As part of his job responsibilities at the WSI Braselton Facility, THOMAS had oversight over vendors providing services to the Braselton facility, including vendors providing temporary employees, and he had authority to approve payment of invoices up to $50,000.

6.      On or about February 14, 2017, THOMAS registered Empire Logistics Services, LLC ("Empire") with the Georgia Secretary of State.  Empire's business address corresponded to a mailbox at a UPS store in Braselton, Georgia, four miles from THOMAS's home.

7.      In or about late March/early April 2017, THOMAS caused WSI to approve Empire as a vendor at the WSI Braselton Facility.  THOMAS did not inform WSI that in fact THOMAS owned and controlled Empire.

8.      On or about March 21, 2017, THOMAS caused the creation of an Empire bank account at Fidelity Bank with an account number ending -3012 ("Empire account -3012").  The same day, THOMAS caused the creation of a personal bank account in his wife's name at Fidelity Bank with an

1    account number ending in -0471 ("Thomas Account -0471").

2        9.      On or about October 22, 2018, THOMAS caused Empire to change its name with the

3    Georgia Secretary of State to Express Logistics Pros, LLC ("Express").

4        10.     Between in or about 2017 and continuing through in or about December 2023, THOMAS

5    caused Empire and Express to send WSI hundreds of invoices, each for less than $50,000, purportedly

6    corresponding to temporary staffing provided to WSI.  The invoices were always in Empire's name,

7    even after THOMAS changed Empire's name to Express on or about October 22, 2018.  In fact, Empire

8    and Express did not perform work for WSI.  In total, THOMAS submitted Empire/Express invoices to

9    WSI that totaled approximately $11 million for work not provided.  In his role as a WSI General

10   Operations Manager, THOMAS approved the Empire/Express invoices, which were all below his

11   $50,000 approval threshold.  As a result, WSI made approximately 335 separate wire payments to

12   Empire account -3012 totaling approximately $10.75 million.

13                                    The Scheme to Defraud

14       11.     Between in or about February 2017 and continuing through in or about December 2023,

15   THOMAS engaged in a scheme, plan, and artifice to defraud WSI as to a material matter, and to obtain

16   money and property by means of materially false and fraudulent pretenses, representations, and

17   promises, by making materially false and misleading statements, and failing to disclose material facts

18   with a duty to disclose.

19       12.     The objective of the scheme to defraud was to induce WSI to wire funds into Empire

20   bank accounts controlled by THOMAS and for THOMAS to spend those funds for personal use,

21   including to purchase a yacht, automobiles, tickets to professional sporting events, pet cloning, an

22   approximately 12,000 square foot home, and professional landscaping services for his home.  Through

23   the scheme to defraud, and false statements and omissions with a duty to disclose, THOMAS obtained

24   money and property.

25       13.     Specifically, from in or about February 2017 and continuing through in or about

26   December 2023, THOMAS caused Empire and Express to send WSI hundreds of invoices that totaled

27   approximately $11 million for work that was not performed.  In his role as General Operations Manager

28   at WSI, THOMAS approved the invoices, which had an average invoice amount of approximately

INDICTMENT                              3

$31,940, and were all below his $50,000 approval threshold.  Based on THOMAS's approvals, WSI sent approximately 335 wire payments to Empire account -3012 totaling approximately $10.75 million. THOMAS represented to WSI that K.J. Davis operated Empire and Express when in fact THOMAS owned and operated Empire and Express.  Further, THOMAS owed a duty of loyalty and trustworthiness to WSI but he omitted and concealed from WSI that he owned and operated Empire and Express.

14.     In furtherance of the scheme to defraud, THOMAS used a variety of means and methods, including:

a.   Causing Empire to be an approved WSI vendor but omitting and concealing from WSI that THOMAS owned and controlled Empire, despite owing a duty to disclose such information to WSI;

b.   Submitting to WSI a New Vendor Setup Form for Empire containing numerous false statements, including that K.J. Davis was the company contact for Empire rather than THOMAS;

c.   Submitting to WSI a 1099 Information Request for Empire falsely representing that K.J. Davis was Empire's "Area Director" rather than THOMAS;

d.   Submitting to WSI an ACH payment form for Empire falsely listing K.J. Davis as Empire's contact rather than THOMAS;

e.   Submitting to WSI a Transportation Contractor Agreement bearing the signature K.J. Davis, "Area Director," rather than THOMAS's signature;

f.   Submitting an Assistant Agreement for Empire to WSI bearing the signature K.J. Davis rather than THOMAS's signature;

g.   Submitting to WSI a price agreement between Empire and WSI with a start date of "2/6/2017" bearing the signature K.J. Davis rather than THOMAS's signature;

h.   Submitting false Empire and Express invoices to WSI via email address kj.davis@empirelogistic.co to conceal that THOMAS was submitting the invoices to WSI;

i.   Approving, as a WSI General Operations Manager, Empire and Express invoices that

should have been denied by WSI because THOMAS owned Empire and Express;

j.  Approving, as a WSI General Operations Manager, Empire and Express invoices that should have been denied by WSI because Empire and Express did not perform work for WSI;

k.  Causing WSI to wire funds into Empire account -3012 for THOMAS's benefit based on THOMAS's false statements, omissions, and concealment with a duty to disclose.

l.  Failing to disclose to WSI, when he had a duty to disclose, that THOMAS owned and controlled Empire and Express, which were billing WSI for services;

m.  Creating Empire and Express email accounts in someone else's name to create a false and misleading trail for submission of invoices to WSI for approval;

n.  Misusing his position and authority as General Operations Manager at the WSI Braselton Facility to approve Empire and Express invoices for work and services that otherwise would not have been approved;

o.  Transferring funds wired from WSI to Empire account -3012 to THOMAS's personal account so that THOMAS could spend WSI money for personal use, including for a yacht, automobiles, tickets to professional sporting events, and an approximately 12,000 square foot home.

COUNTS ONE THROUGH EIGHT:(18 U.S.C. § 1343 – Wire Fraud)

15.  Paragraphs 1 through 14 of this Indictment are re-alleged and incorporated as if fully set forth here.

16.  Beginning no later than in or about February 2017 and continuing through in or about December 2023, in the Northern District of California, and elsewhere, the defendant,

BEN RICHARD THOMAS III,

knowingly and with the intent to defraud devised and intended to devise a scheme and artifice to defraud WSI as to a material matter and to obtain money and property from WSI by means of materially false and fraudulent pretenses, representations, and promises, and by means of omission and concealment of material facts with a duty to disclose, which scheme is summarized in paragraphs 1 through 14 above.

//

INDICTMENT                                    5

<u>The Use of the Wires</u>

17.    On or about the dates set forth in the separate counts below, in the Northern District of California, and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud, the defendant, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of a wire communication, certain writings, signs, signals, pictures, and sounds, namely, the following:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 1 | 10/06/2021 | Electronic approval of $49,478.90 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 2 | 10/13/2021 | Electronic approval of $54,841.80 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 3 | 10/20/2021 | Electronic approval of $48,345.70 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 4 | 10/27/2021 | Electronic approval of $47,776.10 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 5 | 12/02/2021 | Electronic approval of $51,192.40 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 6 | 12/08/2021 | Electronic approval of $55,461.40 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 7 | 12/15/2021 | Electronic approval of $57,119.40 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |
| 8 | 12/21/2021 | Electronic approval of $57,689.50 payment from WSI's offices in the Northern District of California to Empire account -3012 in the Northern District of Georgia. |

All and each in violation of Title 18, United States Code, Section 1343.

<u>COUNTS NINE THROUGH THIRTEEN:</u>    (18 U.S.C. § 1957 – Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

18.    Paragraphs 1 through 17 of this Indictment are re-alleged and incorporated as if fully set forth here.

19.    Among other transactions, on or about the dates set forth in the separate counts below, in

the Northern District of California, and elsewhere, the defendant,

BEN RICHARD THOMAS III,

knowingly engaged in a monetary transactions by, through, and to a financial institution, in and affecting

interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such

funds having been derived from the specified unlawful activity of wire fraud, to wit, the wire fraud

scheme pertaining to WSI alleged in Counts One through Eight of this Indictment:

| COUNT | DATE | DESCRIPTION OF MONETARY TRANSACTION |
|---|---|---|
| 9 | 02/02/2021 | Posting of check #585 in the amount of $91,996.53 in Thomas Account -0471 constituting payment for a 2021 Range Rover Westminster Edition. |
| 10 | 02/19/2021 | Posting of check #587 in the amount of $44,000 in Thomas Account -0471 constituting payment for a 2019 GMC Sierra 1500 4WD Crew Cab pickup truck. |
| 11 | 10/27/2021 | Wire transfer in the amount of $109,995 from Empire Account -3012 to a private airplane travel company. |
| 12 | 12/22/2021 | Posting of check #106 in the amount of $198,000 in Empire Account -3012 constituting the loan payment for THOMAS's residence. |
| 13 | 11/22/2022 | Posting of check #908 with memo "Backyard" in the amount of $70,000 in Thomas Account -0471 constituting payment for landscaping services at THOMAS's residence. |

Each and all in violation of Title 18, United States Code, Section 1957.

FORFEITURE ALLEGATION:          (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

20.     The allegations contained in this Indictment are re-alleged and incorporated by reference

for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c).

21.     Upon conviction for any of the offenses set forth in this Indictment, the defendant,

BEN RICHARD THOMAS III,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived

from proceeds the defendant obtained directly and indirectly, as the result of those violations, including

but not limited to the following:

a.  38' 2006 regal 3880 Pleasure Cruiser yacht, Hull ID: RGMLB188D506 (GA: GA0387YW);

b.  2020 Sea Doo BRP Queretaro jet ski, VIN: YDV31368L021 (GA: GA3544RJ);

c.  2019 Yamaha jet ski, VIN: YAMA1585E919 (GA: GA1468KL);

d.  2021 Range Rover, VIN: SALGS2RU0MA430338 (GA Plate: WFM533);

e.  1968 Chevrolet Camaro, VIN 124378N455786 (GA Plate: XIY189);

f.  2019 GMC Sierra pickup truck, 3GTP9EEL8KG175423 (GA Plate: ETQ864);

g.  $48,479.20 held at Ameris Bank in Empire Logistics account number 370003012;

h.  $5,457.95 held at Ameris Bank in Ben and Jennifer Thomas account number 1370010471;

i.  $922.21 held at Peach State Bank in Bright Indoor Group Inc. account number 2038289;

j.  $982.53 held in a Robinhood account in Ben Thomas's name; and

k.  $23,660.00 in U.S. currency seized from Ben Thomas's residence on February 28, 2024;

l.  The following assets relating to Regline Outdoors, Inc.:

  • 48,339 shares in Regline Outdoors, Inc. held by Simple Agreement for Future Equity (SAFE) agreement holder Ben Thomas; and

  • 87,895 series seed preferred shares in Regline Outdoors, Inc. held by Ben Thomas.

If any of the property described above, as a result of any act or omission of the defendant:

a.  cannot be located upon exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: September 18, 2024                                   A TRUE BILL.


_____/s/_____
FOREPERSON

ISMAIL J. RAMSEY
United States Attorney


_____/s/_____
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney

INDICTMENT                                   9

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

## OFFENSE CHARGED

Counts 1-8: 18 U.S.C. § 1343 – Wire Fraud;
Counts 9-13: 18 U.S.C. § 1957 – Engaging in Monetary
Transactions in Property Derived from Specified Unlawful
Activity;
18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture
Allegation

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY: Counts 1-8: 20 years imprisonment; $250.000 fine; 3 years
supervised release; $100 special assessment
Counts 9-13: 10 years imprisonment; $250,000 find; 3 years
supervised release; $100 special assessment
Forfeiture

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

### DEFENDANT - U.S

► BEN RICHARD THOMAS III

DISTRICT COURT NUMBER
CR24-00511 MMC

**FILED**

Sep 18 2024

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form     Ismail J. Ramsay

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     Christiaan Highsmith

### DEFEN...

**IS NOT IN CUSTODY**
Has not been arrested, pen...
1) ☐ If not detained give date an...
summons was served on al...

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges

☐ Federal  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer  ☐ Yes
been filed?   ☐ No

If "Yes"
give date
filed

**DATE OF
ARREST**

Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED
TO U.S. CUSTODY**

Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT       Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☒ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment*

Date/Time:  Oct. 1, 2024
10:30 a.m.      Before Judge: Peter H. Kang

Comments: